Paul E. Manasian (130855)
MANASIAN & ROUGEAU LLP
400 Montgomery Street, Suite 1000
San Francisco, California 94104
Tel: (415) 291-8425
Fax: (415) 291-8426
Email: manasian@mrlawsf.com

Attorneys for Defendant
DAVID S. BOYD

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA -- OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 12-46157 RLE |
| FRESH CHOICE, LLC, a Delaware limited liability company | Chapter 7 |
| Debtor. | |
| JOHN KENDALL, Chapter 7 Trustee and McNUTT LAW GROUP LLP, Administrative Claimant, | Adv. No. 12-4241<br>**ANSWER OF DAVID S. BOYD** |
| Plaintiffs, | |
| vs. | |
| DAVID S. BOYD, | |
| Defendant. | |

Defendant David S. Boyd ("Defendant") responds to the Amended Motion for Order (1) Subordinating the Claim Held by David S. Boyd and (2) Transferring the Lied Securing Such Claim to the Estate (the "Complaint") filed by McNutt Law Group ("MLG") and John T. Kendall, Chapter 7 Trustee (the "Trustee") as set forth below.

1. Responding to the allegations of Paragraph 1 of the Complaint, Defendant admits the allegations, with the exception that Defendant disputes that MLG has standing to assert the

-1-
ANSWER OF DAVID S. BOYD

claims stated in the Complain, and as such the Court lacks subject matter jurisdiction to adjudicate the claims as they relate to MLG.

2. Responding to the allegations of Paragraph 2 of the Complaint, Defendant admits the allegations.

3. Responding to the allegations of Paragraph 1 of the Complaint, Defendant admits the allegations.

4. Responding to the allegations of Paragraph 4 of the Complaint, Defendant admits the allegations.

5. Responding to the allegations of Paragraph 5 of the Complaint, Defendant admits the allegations.

6. Responding to the allegations of Paragraph 6 of the Complaint, Defendant admits the allegations.

7. Responding to the allegations of Paragraph 7 of the Complaint, Defendant admits that MLG was appointed as counsel to the Official Committee of Unsecured Creditors (the "Committee") and that MLG has asserted that it is an administrative expense claimant. Defendant lacks sufficient information and belief regarding the remaining allegations of Paragraph 7 and on such basis denies them.

8. Responding to the allegations of Paragraph 8 of the Complaint, Defendant admits that the Defendant is the president and managing member of Fresh Choice, LLC (the "Debtor" or "Fresh Choice").

9. Responding to the allegations of Paragraph 9 of the Complaint, Defendant admits the allegations.

10.     Responding to the allegations of Paragraph 1 of the Complaint, Defendant admits the allegations.

11.     Responding to the allegations of Paragraph 11 of the Complaint, Defendant admits that the Debtor intended to close certain locations.  Defendant denies the remaining allegations of Paragraph 11 on the basis that they are unintelligible and ambiguous.

12.     Responding to the allegations of Paragraph 12 of the Complaint, Defendant admits the allegations.

13.     Responding to the allegations of Paragraph 13 of the Complaint, Defendant admits the allegations.

14.     Responding to the allegations of Paragraph 14 of the Complaint, Defendant denies the allegations.

15.     Responding to the allegations of Paragraph 15 of the Complaint, Defendant admits that US Foods was a secured creditor of the Debtor, but lacks sufficient information and belief as to the remaining allegations of Paragraph 15 and on such basis denies them.

16.     Responding to the allegations of Paragraph 16 of the Complaint, Defendant lacks sufficient information and belief to respond to the allegations and on such basis denies them.

17.     Responding to the allegations of Paragraph 1 of the Complaint, Defendant denies the allegations.

18.     Responding to the allegations of Paragraph 18 of the Complaint, Defendant lacks sufficient information and belief to respond to the allegations and on such basis denies them.

19.     Responding to the allegations of Paragraph 19 of the Complaint, Defendant denies the allegations.

20. Responding to the allegations of Paragraph 20 of the Complaint, Defendant denies the allegations, on the grounds that the phrase "turned over" is vague and ambiguous, and the landlords were free to take possession of the premises in question upon the entry of the order approving rejection of the leases in question.

21. Responding to the allegations of Paragraph 21 of the Complaint, Defendant denies the allegations.

22. Responding to the allegations of Paragraph 22 of the Complaint, Defendant denies the allegations.

23. Responding to the allegations of Paragraph 23 of the Complaint, Defendant admits that the Debtor operated at a loss after the filing of the Debtor's Chapter 11 petition.

24. Responding to the allegation of Paragraph 24 of the Complaint, Defendant admits that administrative rent claims were accrued while the Debtor was in Chapter 11.

25. Responding to the allegations of Paragraph 25 of the Complaint, Defendant lacks sufficient information and belief regarding US Foods' motivation and on such basis denies the allegations of Paragraph 25.

26. Responding to the allegations of Paragraph 26 of the Complaint, Defendant admits that MLG coordinated and negotiated Defendants' purchase of the claim of US Foods, but lacks sufficient information and belief regarding the role of the Committee in such activities and on such basis denies the remaining allegations of Paragraph 26.

27. Responding to the allegations of Paragraph 27 of the Complaint, Defendant lacks sufficient information and belief regarding the motivation of the Committee and on such basis denies the allegations of Paragraph 27.

-4-
ANSWER OF DAVID S. BOYD
Case: 12-04241    Doc# 4    Filed: 12/20/12    Entered: 12/20/12 21:35:37    Page 4 of 10

28. Responding to the allegations of Paragraph 28 of the Complaint, Defendant admits the allegations.

29. Responding to the allegations of Paragraph 29 of the Complaint, Defendant denies the allegations.

30. Responding to the allegations of Paragraph 30 of the Complaint, Defendant admits the allegations.

31. Responding to the allegations of Paragraph 31 of the Complaint, Defendant admits the allegations.

32. Responding to the allegations of Paragraph 32 of the Complaint, Defendant lacks sufficient information and belief regarding the "awareness" of the Committee and on such basis denies the allegations.

33. Responding to the allegations of Paragraph 33 of the Complaint, Defendant admits that at a hearing on October 15, 2012 Michael Abel of MLG stated to the Court that Defendant was in the process of purchasing US Foods' claim and that a possible purchase of certain assets of the Debtor by Mr. Boyd was under discussion.

34. Responding to the allegations of Paragraph 34 of the Complaint, Defendant denies that there was ever any agreement reached regarding a purchase of any assets of the Debtor. Defendant admits that there were discussions regarding a possible purchase of assets of the Debtor which possible purchase might have included parties other than Defendant.

35. Responding to the allegations of Paragraph 35 of the Complaint, Defendant denies the allegations as the allegations misstate was stated by counsel for the Committee at the hearing on October 15, 2012.

36. Responding to the allegations of Paragraph 36 of the Complaint, Defendant admits that the Debtor did not pay all rent obligations accruing on all of the Debtor's leases which accrued after the purchase of US Foods' claim by Defendant.

37. Responding to the allegations of Paragraph 37 of the Complaint, Defendant denies the allegations on the grounds that the allegations that the phrase "the Committee sought to minimize concerns" is vague, ambiguous and unintelligible.

38. Responding to the allegations of Paragraph 38 of the Complaint, Defendant denies the allegations in that Defendant continued to negotiate with MLG regarding a possible purchase of certain of Debtor's assets following Defendant's purchase of US Foods' claims.

39. Responding to the allegations of Paragraph 39 of the Complaint, Defendant denies the allegations in that Defendant had no idea what belief the Committee had regarding an "acceptable offer."

40. Responding to the allegations of Paragraph 40 of the Complaint, Defendant admits the allegations.

41. Responding to the allegations of Paragraph 41 of the Complaint, Defendant admits that he submitted a written offer to purchase certain assets of the Debtor to counsel for the Committee on Tuesday, November 6, 2012.

42. Responding to the allegations of Paragraph 42 of the Complaint, Defendant denies that any purchase price was discussed "at the time the Committee worked with Boyd to acquire US Foods claims" and on that basis denies the allegations of Paragraph 42.

43. Responding to the allegations of Paragraph 43 of the Complaint, Defendant denies the allegations.

44. Responding to the allegations of Paragraph 44 of the Complaint, Defendant admits the allegations.

45. Responding to the allegations of Paragraph 45 of the Complaint, Defendant admits that the Trustee requested that Defendant guaranty any shortfall as a result of operations continued operations from December 9, 2012 through December 13, 2012 and that the Trustee requested that Defendant forward $150,000 to the Trustee's counsel on Tuesday, December 13, 2012.

46. Responding to the allegations of Paragraph 46, Defendant admits that he offered to forward $150,000 to the Trustee's counsel as a guaranty against any shortfalls arising as a result of operations from December 9, 2012 through December 13, 2012.

47. Responding to the allegations of Paragraph 47, Defendant admits that he did not forward funds to the Trustee's counsel as against any shortfalls arising as a result of operations from December 9, 2012 through December 13, 2012. Defendant further alleges that he continued to agree to guaranty any such shortfalls and that no such shortfalls ever occurred.

48. Responding to the allegations of Paragraph 48, Defendant lacks information and belief regarding any conference between the Trustee and Gerry Blake on November 12, 2012 and on such basis denies the allegations of Paragraph 48.

49. Responding to the allegations of Paragraph 49, Defendant lacks information and belief regarding any instructions by the Trustee to Gerry Blake on November 12, 2012 and on such basis denies the allegations of Paragraph 49.

50. Responding to the allegations of Paragraph 50, Defendant denies the allegations.

51. Responding to the allegations of Paragraph 51, Defendant denies the allegations in that Debtor did not operate any of Debtor's stores following conversion of Debtor's bankruptcy case to Chapter 7 as the Debtor was no longer a debtor in possession.

52. Responding to the allegations of Paragraph 52, Defendant denies the allegations.

53. Responding to the allegations of Paragraph 53, Defendant admits that post-petition rent was not paid during the period Debtor was a Chapter 11 debtor in possession on certain leases for stores that operated during that period. Defendant denies negotiating with any landlord regarding a new lease prior to rejection of such landlord's lease.

54. Responding to the allegations of Paragraph 54, Defendant denies that Debtor had any "location" at the Vallco Mall on November 27 and 28 in that the lease for such location had been rejected prior to that date and on that basis Defendant denies the allegations of Paragraph 54.

55. Responding to the allegations of Paragraph 55, Defendant admits that Espresso Roma signed a lease for the location at the Vallco Mall.

56. Responding to the allegations of Paragraph 56, Defendant admits that Espresso Roma used certain property located at the Vallco Mall which was property of the estate, which was Defendant's collateral, and as to which the Trustee had already filed a motion to abandon, without consent of the Trustee or an order of the Court. Defendant denies that the estate suffered any harm as a result of such use.

57. Responding to the allegations of Paragraph 57, Defendant denies the allegations.

58. Responding to the allegations of Paragraph 58, Defendant admits that Espresso Roma operated at the Vallco Mall on a cash only basis.

59. Responding to the allegations of Paragraph 59, Defendant admits that the property used by Espresso Roma at the Vallco Mall location had not been abandoned at the time of such use.

60. Responding to the allegations of Paragraph 60, Defendant admits the allegations.

61. Responding to the allegations of Paragraph 61, Defendant admits the allegations.

62. Responding to the allegations of Paragraph 62, Defendant denies the allegations as an order authorizing abandonment of the property has been entered.

63. Responding to the allegations of Paragraph 63, Defendant denies the allegations.

64. Responding to the allegations of Paragraph 64, Defendant lacks information and belief regarding the claims of MLG and BEB and on such basis denies them.

65. Responding to the allegations of Paragraph 65, Defendant denies the allegations.

66. Responding to the allegations of Paragraph 66, Defendant admits that his an insider of the Debtor, but alleges that the degree of scrutiny to which his conduct is subject depends upon the particular conduct in question.

67. Responding to the allegations of Paragraph 67, Defendant admits that the relief requested in the Complaint is not inconsistent with other provisions of the Bankruptcy Code.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense (Lack of Standing of McNutt Law Group)**

The McNutt Law Group lacks standing to bring the claim set for the in the Complaint in that the Trustee has elected to bring such claim.

### **Second Affirmative Defense (Unclean Hands)**

The McNutt Law Group has unclean hands in that, among other things, it provided Defendant with legal advice regarding the purchase of the US Foods claim and encouraged Defendant to make such purchase in an effort to obtain a distribution to the McNutt Law Group in excess of what it would otherwise have been entitled to receive on a pro-rata basis with other administrative claimants had a sale of assets been consummated.

WHEREFORE, Defendant prays that the Court:

1. Enter judgment in favor of Defendant David S. Boyd denying plaintiffs request that Defendant's claim be subordinated; and,

2. Granting such other relief as the Court deems just and appropriate.

Dated: December 20, 2012           MANASIAN & ROUGEAU, LLP


                                   By: */s/ Paul E. Manasian*
                                   Attorneys for Creditor DAVID S. BOYD